Filed 2/24/15  P. v. Corral CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B252508 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA085867) |
| v. | |
| NOE CORRAL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Alan B. Honeycutt, Judge.  Affirmed.

Gideon Margolis, under appointment by the Court of Appeal, for Defendant and Appellant

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Noe Corral appeals from the judgment after a jury found him guilty of making criminal threats.  Corral contends the trial court erred in failing to instruct the jury sua sponte on the lesser included offense of attempted criminal threats.  We find the facts did not require an attempt instruction and affirm the judgment.

## FACTS AND PROCEEDINGS BELOW

The victim of the threats, Ana Rios, told Gardena police officers that she was assaulted by defendant Corral a month earlier when they were passengers on a bus and that she later received threatening phone calls from him.  Rios knew Corral because he had once dated her sister.  The confrontation started when Rios and Corral were passengers on a bus and Rios told Corral not to talk to her or be around her or her children because she heard that he raped his sister.  Corral hit Rios in the back as she got off the bus.  After that, Corral called Rios numerous times leaving threatening messages on her voicemail.

In a message played to the jury Corral told Rios:  "Well, check this out bitch, you wanna fuckin' put . . . my sister's name in your mouth, and you wanna say some shit about my sister being raped? . . . Bitch, you're gonna get dealt with.  I'm will fuckin' be seeing you soon bitch, and I'm gonna knock all your fuckin' teeth out, bitch[.]  I'm gonna fuckin' put your ass in the hospital, that's a fuckin' serious issue right there. . . . [W]hen I see you, you're fuckin' gonna tell me and you're gonna get beat the fucked down, bitch, I ain't no fuckin' joke bitch . . . . [¶] . . . I'm fuckin' beat the fuck out of you because you fuckin' said that I fuckin' did somethin' to my sister, bitch. . . . I will fuckin' see you soon, bitch and I'm gonna motherfuckin' . . . knock your fuckin' teeth out . . . and stomp your fuckin' head out with my sister in your mouth, fuckin' tweaker ass fuckin' whore."

Rios told the police that Corral left this message on her voicemail the previous day and that she was scared.  She said she believed Corral could carry out his threats against her because he beat another girl from Gardena.  When asked if she wanted to press charges Rios answered "Yeah."

2

Defendant was arrested and charged with one count of making criminal threats in violation of Penal Code section 422, subdivision (a).

Rios initially refused to testify at Corral's trial and was jailed for contempt of court. Her statements to the police regarding Corral's threats to her were admitted into evidence through the testimony of Detective Roberto Rosales of the Gardena Police Department. Rosales testified that between his initial interview with Rios and the trial he spoke with Rios between 13 and 15 times. On each occasion Rios told Rosales she was scared of Corral and would not testify.

When Rios eventually testified she stated at the outset: "I don't want to be here." She stated that when she initially spoke to the police she just wanted to ask and did not know her statements were being recorded. Rios could not remember who left her the telephone message that she played for Detective Rosales until the prosecutor played her the tape recording of her statements. She said she was not sure if the telephone message was left by Corral or his brother, because they sounded alike. She admitted the telephone message made her feel "just a little" scared.

Rios further testified that although she told Corral that she heard he raped his sister, she later found out it was not true. After that she was no longer afraid of Corral.

## DISCUSSION

Corral's sole contention on appeal is that the court erred in failing to instruct the jury sua sponte on the offense of attempting to make criminal threats, a lesser included offense of making criminal threats. (*People v. Toledo* (2001) 26 Cal.4th 221, 226.)

Conviction of the crime of making criminal threats requires proof of the following elements: (1) the defendant willfully threatened to commit a crime that would result in death or great bodily injury; (2) the defendant made the threat with the specific intent that it be taken as a threat, even if there was no intent of actually carrying it out; (3) the threat, on its face and under the circumstances in which it was made, was so unequivocal, unconditional, immediate, and specific as to convey to the person threatened a gravity of purpose and an immediate prospect of execution of the threat; (4) the threat caused the

3

person threatened to be in sustained fear for his or her own safety or for his or her immediate family's safety; and (5) the threatened person's fear was reasonable under the circumstances. (*People v. Toledo*, *supra,* 26 Cal.4th at pp. 227-228.)

A defendant can be convicted of the lesser included offense of attempted criminal threats if he acts with the required intent "but, for whatever reason, the threat does not actually cause the threatened person to be in sustained fear for his or her safety even though, under the circumstances, that person reasonably could have been placed in such fear . . . ." (*People v. Toledo*, *supra,* 26 Cal.4th at p. 231, italics omitted.)

The trial court has no duty to instruct on a lesser included offense unless there is substantial evidence to support the instruction. "'"'The trial court is obligated to instruct the jury on all general principles of law relevant to the issues raised by the evidence, whether or not the defendant makes a formal request.'"' [Citation.] 'Conversely, even on request, the court "has no duty to instruct on any lesser offense unless there is substantial evidence to support such instruction."' [Citation.] This substantial evidence requirement is not satisfied by '"any evidence . . . no matter how weak,"' but rather by evidence from which a jury composed of reasonable persons could conclude 'that the lesser offense, but not the greater, was committed.' [Citation.] 'On appeal, we review independently the question whether the trial court failed to instruct on a lesser included offense.' [Citation.]" (*People v. Avila* (2009) 46 Cal.4th 680, 704-705.)

Corral contends that the trial court should have instructed on attempted criminal threats because there was substantial evidence from which the jury could find that Rios was not in a state of "sustained fear." We disagree.

The "sustained fear" requirement is satisfied where there is evidence that the victim's fear was more than "fleeting, momentary or transitory." (*People v. Culbert* (2013) 218 Cal.App.4th 184, 190.)

The evidence in this case showed that Rios contacted Detective Rosales the day after Corral left the threatening message quoted above on her answering machine. She told Detective Rosales that she was scared and Rosales testified that she looked scared.

4

Rios told Rosales she was scared because she believed Corral had beaten another girl from Gardena.

Evidence that Rios was still scared the day after appellant threatened her unquestionably showed that she was in a state of sustained fear, as any fear that lasts more than a day cannot be "'momentary, fleeting, or transitory.'  [Citation.]" (See *People v. Fierro* (2010) 180 Cal.App.4th 1342, 1349 [fear during the minute in which victim heard defendant's threat and saw defendant's weapon qualified as "sustained"]; *People v. Allen* (1995) 33 Cal.App.4th 1149, 1156 [15 minutes of fear was more than sufficient to constitute "sustained" fear].)  Moreover, there was evidence that Rios was still afraid months after appellant threatened her.  Rosales testified that Rios told him she was scared every time he spoke to her.  He further testified that when he spoke to her in January 2013, almost four months after Corral's threatening message, Rios "was scared.  She was in fear for her life.  She was scared for the safety of herself, for the safety of her children, and she was terrified."

Thus, there was overwhelming evidence that Rios was in a state of sustained fear.

Corral argues that Rios was not in a state of sustained fear because she testified that she no longer feared Corral once she found out that he had not raped his sister and had not beaten another woman in Gardena.  This argument lacks merit.

No substantial evidence showed that Rios lacked a sustained fear of being attacked by Corral.  Rios was in a state of sustained fear from the time Corral threatened her until she found out that he had not raped his sister or beaten another woman, which was sometime after she reported the threats to Rosales.

Corral also argues that there was evidence Rios was not in a state of sustained fear because she testified that she was not afraid of him at the time of trial.  Again, assuming that the jury credited this testimony, there was evidence that she was in a state of sustained fear months earlier when Corral threatened her.

5

In summary, there was no substantial evidence from which the jury could conclude that Rios was *not* in a state of sustained fear for her safety following Corral's threats.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


JOHNSON, J.


BENDIX, J.*

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.